IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>         Plaintiff, | )<br>)<br>)<br>) | |
| | ) | CIVIL ACTION NO. |
| v. | )<br>) | |
| LJS OPCO TWO, LLC d/b/a LONG JOHN SILVER'S, | )<br>) | **C O M P L A I N T** |
| | )<br>) | JURY TRIAL DEMAND |
| | )<br>)<br>) | |
|              Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of sex (female) and retaliation, and to provide appropriate relief to aggrieved individuals who were adversely affected by such practices. As alleged with greater particularity below, Defendant LJS Opco Two, LLC d/b/a Long John Silver's ("Defendant" or "LJS") discriminated against a group of female employees who worked in Defendant's restaurant in Centralia, Illinois, by subjecting them to sexual harassment.

The Commission further alleges that Defendant reduced the hours of one employee ("Aggrieved Individual") and constructively discharged her in retaliation for her opposition to the sexual harassment, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Illinois.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a LLC doing business in the State of Illinois and the City of Centralia, in Clinton County.

5. At all relevant times, Defendant has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, the Aggrieved Individual filed a charge with the Commission alleging violations of Title VII by LJS.

8. On September 30, 2020, the Commission issued to LJS a Letter of Determination finding reasonable cause to believe that LJS violated Title VII by (1) discriminating against a group of female employees, including the Aggrieved Individual, because of their sex, by subjecting them to sexual harassment, and (2) retaliating against the Aggrieved Individual for engaging in protected activity.

9. The Commission invited LJS to engage in informal conciliation efforts to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with LJS to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The EEOC was unable to secure from LJS a conciliation agreement acceptable to the Commission.

12. On February 23, 2021, the Commission issued LJS a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least May 2019, Defendant has engaged in unlawful employment practices at its Centralia, Illinois, restaurant, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a)(1). In particular:

(a) These practices included, but are not limited to, subjecting a group of aggrieved female employees to harassment because of their sex, including unwelcome and offensive physical contact and sexual comments and propositions. For example, a male manager sent two videos of himself masturbating to the seventeen-year-old Aggrieved Individual, asked her repeatedly "did you like it," and wrote "if you wanna test it out let me know."

(b) As a result of employee reports and otherwise, LJS knew or should have known about the harassment.

      (c)    LJS failed to prevent and/or remedy the harassment. Even after LJS received complaints about the harassment, LJS did not take disciplinary action against the harassers, and the harassment continued.

      (d)    LJS also failed to train its employees about its policies against sexual harassment or how to complain of sexual harassment.

15. In July and/or August 2019, LJS engaged in unlawful employment practices, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a), by reducing the Aggrieved Individual's hours and constructively discharging her for engaging in protected opposition to unlawful employment practices. Prior to her constructive discharge, the Aggrieved Individual had complained to LJS management about the sexual harassment.

16. The effect of the practices complained of above has been to deprive the aggrieved female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female).

17. The effect of the practices complained of above has been to deprive the Aggrieved Individual of equal employment opportunities and otherwise adversely affect her status as an employee because of her protected activity.

18. The unlawful employment practices complained of above were intentional.

19. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the aggrieved female employees.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in

any employment practices which discriminate on the basis of sex.

B.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.

C.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees regardless of sex and those who engage in protected opposition under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

D.     Order Defendant to make whole the Aggrieved Individual, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

E.     Order Defendant to make whole the aggrieved female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F.     Order Defendant to make whole the aggrieved female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

G.     Order Defendant to pay the aggrieved female employees punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

H.     Grant such further relief as the Court deems necessary and proper in the public interest.

    I.       Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated June 25, 2021.

                GWENDOLYN YOUNG REAMS
                Acting General Counsel

                U.S. Equal Employment Opportunity Commission
                131 M. Street, N.E.
                Washington, D.C. 20507

                GREGORY M. GOCHANOUR
                Regional Attorney
                Gregory.Gochanour@eeoc.gov

                JUSTIN MULAIRE
                Supervisory Trial Attorney
                Justin.Mulaire@eeoc.gov

                MILES SHULTZ
                Trial Attorney
                Miles.Shultz@eeoc.gov

                *s/ Elizabeth B. Banaszak*
                Elizabeth B. Banaszak
                Trial Attorney
                U.S. Equal Employment Opportunity Commission
                Chicago District Office
                230 S. Dearborn St., Suite 2920
                Chicago, Illinois 60604
                (312) 872-9676
                Elizabeth.Banaszak@eeoc.gov