## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 21-CV-00717-SPM** |
| **LJS OPCO TWO, LLC d/b/a LONG JOHN SILVER'** | |
| **Defendant.** | |

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed a Complaint commencing this action, in which it alleged that LJS OpCo Two, LLC d/b/a Long John Silver's ("Defendant") engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), when it subjected female employees at its Centralia, Illinois store, including Charging Party, to sexual harassment and retaliated against the Charging Party by reducing her hours and constructively discharging her after she complained of discrimination.

2. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, Plaintiff and Defendant have agreed that this action should be fully and finally resolved by entry of this Consent Decree ("Decree"), without any admission of liability.

3.   This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the Plaintiff and shall be binding on the Plaintiff; Defendant; Defendant's directors, officers, employees, successors, and assigns; and all persons in active concert or participation with Defendant.

<u>FINDINGS</u>

4.   Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds that:

    a.   This Court has jurisdiction over the subject matter of this action and the parties;

    b.   The terms of this Decree are adequate, fair, reasonable, equitable, and just;

    c.   The rights of the parties and the public are adequately protected by this Decree;

    d.   This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person;

    e.   Entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties and the public; and

    f.   This Decree resolves all issues raised in EEOC Charge No. 440-2019-06572 and all issues that were raised against Defendant in the Complaint filed by the EEOC in this action. This Decree does not resolve any other charge of discrimination that may currently be pending before the EEOC against Defendant, or any charge that may be filed in the future against Defendant.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

5.   Defendant, its directors, officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from: (1) subjecting any employee to harassment on the basis of sex in violation of Title VII; and (2) engaging in any form of retaliation against any person because such person has opposed any practice prohibited by Title VII, filed a charge of discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

<u>MONETARY RELIEF</u>

6.   Defendant shall pay the Charging Party the gross sum of $200,000.

    a.   Of the gross sum, $170,000 shall be designated as compensatory damages and payable to the Charging Party. Defendant shall make this payment to Charging Party within twenty-one (21) calendar days of the approval of this Decree by the District Court or within twenty-one (21) calendar days after Defendant receives the Release, attached as **Exhibit A**, signed by the Charging Party, and after Defendant's attorneys have received a fully executed W-9 form from Charging Party necessary to process the payment set forth in this paragraph, whichever is later.

    b.   The remaining $30,000 of the gross sum shall be designated as attorney fees and payable to the Charging Party's attorney, Joel Cohen. This payment to Mr. Cohen shall fully satisfy any attorneys' fees and costs owed by Charging Party in connection with this civil action, the

underlying administrative charge, and all services related thereto. Defendant shall make this payment to Mr. Cohen within twenty-one (21) calendar days of the approval of this Decree by the District Court or within twenty-one (21) calendar days after the EEOC notifies Defendant in writing that it has received a signed copy of **Exhibit C** from Mr. Cohen, and after Defendant's attorneys have received a fully executed W-9 form from Mr. Cohen necessary to process the payment set forth in this paragraph, whichever is later.

c. Defendant shall issue an IRS Form 1099 to the Charging Party for the amount designated as compensatory damages. No deductions shall be made with respect to the amount designated as compensatory damages. Defendant shall issue IRS Form 1099s to the Charging Party and/or Mr. Cohen for the amount designated as attorney fees as required by IRS regulations.

d. Defendant shall send the amount designated as compensatory damages to the Charging Party at the mailing address provided by the EEOC. Defendant shall send the amount designated as attorney fees to: Joel Cohen, 18208 Preston Rd. Suite D-9, #503, Dallas, TX, 75252. Contemporaneously, Defendant shall submit a copy of the checks to the EEOC.

7. If any portion of the monetary relief due to Charging Party is not issued and mailed to the Charging Party within twenty-one (21) calendar days of the approval of this Decree by the District Court or after Defendant receive a Release, attached as

**Exhibit A**, signed by the Charging Party, whichever is later ("Unpaid Amount"), then for each day beyond the twenty- first calendar day that such portion remains unpaid, Defendant shall pay to the Charging Party, in the manner set forth above, an amount equal to the greater of $50 or 0.1% of the Unpaid Amount.

POLICIES AGAINST HARASSMENT AND RETALIATION

8.   Within thirty (30) days of the date of the entry of this Decree, Defendant shall review its policies against discrimination and retaliation (collectively, "Policies") and revise them, if necessary, so that such Policies include, at minimum, the following:

a.   A prohibition against sexual harassment, including a definition of sexual harassment and examples of behavior that could be considered sexual harassment;

b.   A prohibition against retaliation for complaining about or reporting sexual harassment;

c.   A provision that employees can complain of or report sexual harassment or retaliation to any person in the chain of command above the employee or directly to any human resources personnel; and that any person in the chain of command who receives a complaint or report of sexual harassment or retaliation above the person who made the complaint or report must report it to the general manager of the relevant location and to the appropriate human resources personnel. If the complaint or report relates to conduct by the general manager, then any person in the chain

of command who receives a complaint or report of sexual harassment must report it to human resources and not to the general manager;

d. A provision that employees are not required to complain of or report sexual harassment or retaliation to a person against whom they allege discrimination, harassment, or retaliation;

e. A provision that managers (including supervisors, shift leads, and the like) who receive a complaint or report of sexual harassment or retaliation, or who witnesses or otherwise becomes aware of sexual harassment or retaliation, must report the conduct up the chain of command, to the general manager (unless the complaint relates to conduct by the general manager), and/or to human resources;

f. A provision that an employee found to have engaged in sexual harassment will be subject to discipline, up to and including termination;

g. A provision that Defendant will protect the confidentiality of harassment and retaliation complaints or reports to the extent possible;

h. A provision that all reports or complaints of harassment or retaliation will be promptly investigated by a person who is trained to conduct such investigations, including interviews of all relevant and available witnesses and review of all relevant and available documentation;

i. A provision that employees who complain or report sexual harassment or retaliation or provide information related to such complaints will not be retained against and that employees engaging in retaliation will be subject to discipline, up to and including termination; and,

     j.   A provision that, promptly upon the conclusion of its investigation of a complaint, Defendant will communicate to the complaining party the results of the investigation.

9.  The inclusion of Paragraph 8 in the Decree does not represent the EEOC's or the Court's approval of Defendant's policies against sexual harassment or retaliation.

10. Within thirty (30) days of entry of the Decree, Defendant shall provide the EEOC with a copy of the Policies required by Paragraph 8 above. The EEOC will have twenty-one (21) calendar days to comment on the Policies. Defendant must consider any suggestions made by the EEOC with respect to its Policies. After the EEOC has commented, and there is no dispute regarding the comments, Defendant shall provide a hard copy of its Policies to all its employees located at its Centralia, Illinois location. Thereafter, Defendant shall make its Policies available to new employees upon hire at its Centralia, Illinois location.

<u>TRAINING</u>

11.   During the term of this Decree, Defendant shall employ an outside/independent trainer(s) to provide annual training to all employees at its Centralia, Illinois, Mount Vernon, Illinois, Effingham, Illinois, Marion, Illinois, Harrisburg, Illinois, Fairview Heights, Illinois, West Frankfort, Illinois, and Collinsville, Illinois locations regarding Title VII's prohibition on sexual harassment and retaliation. All managers at these specified locations, the Area Supervisor for these locations, Defendant's Director of Operations, and all human resources

personnel shall attend a separate training session for such employees designed to cover their responsibilities under Title VII. The first training shall take place no later than six (6) months after entry of the Decree. Defendant shall provide training at least once every twelve (12) months for the duration of the Decree, with each training taking place within sixty (60) calendar days of each anniversary following entry of this Decree. A registry of attendance shall be maintained for each training session required under this Paragraph.

12.     The training required by Paragraph 11 will include the following elements:

    a. It will describe or portray real-world examples of conduct that is unacceptable in the workplace, including examples involving harassment based on categories protected by Title VII, with at least one specific example related to comments or treatment that would be offensive because of sex;

    b. It will be interactive, providing participants opportunities both to answer and ask questions about how to recognize and respond to potentially problematic behavior;

    c. It will explain the avenues available for reporting incidents of harassment or other discrimination, including their right to file a charge with the EEOC, and affirm the individuals who make complaints or reports will not be subjected to any form of retaliation or reprisal; that all complaints and reports will receive timely notice of the investigation's findings and conclusions; that Defendant will take prompt and

appropriate corrective action to remedy harassment and other discrimination in all its facilities; that Defendant will keep complaints and reports and the identities of employees who make them confidential;

d. It will encourage bystander reporting, that is, it will convey that all individuals in the workplace are encouraged (and, for supervisors and managers, required) to take action if they observe any problematic behavior, and it will explain how they can do so.

13. The training required by Paragraph 11 for managers and human resources personnel shall also include the following elements:

a. How to recognize discrimination (including harassment);

b. How to take preventative and corrective measures against discrimination (including harassment);

c. Responsibilities of managers under equal employment opportunity laws and Defendant's policies;

d. How to properly handle and investigate complaints of discrimination (including harassment) in a neutral manner; and,

e. How to prevent retaliation.

14. Defendant shall obtain the EEOC's approval of its proposed outside/independent trainer(s) and the proposed training content and materials before the commencement of any training session required under Paragraph 11, above. Defendant shall submit the name(s), address(es), telephone number(s), resume(s) and training proposal of their proposed trainer(s) (including copies of all materials proposed to be displayed, distributed, or otherwise presented) to the EEOC

at least twenty (20) business days prior to the proposed date of each training session. The EEOC shall have ten (10) business days from the date it receives the information described above to accept or reject the proposed trainer(s), training proposal, and/or training materials. In the event the EEOC does not approve Defendant's proposed trainer(s), training proposal, and/or training materials, Defendant shall have five (5) business days to identify an alternate trainer(s) and/or make changes to the training proposal and/or training materials. The EEOC shall then have five (5) business days from the date it receives the information described above to accept or reject the alternate trainer(s), proposal, and/or training materials. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance under Paragraph 20, below.

15.     No later than five (5) business days after each training session described in Paragraph 11, above, takes place, Defendant shall certify to the EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name and position of all the employees subject to the training requirement; and (d) copies of any and all pamphlets, brochures, outlines, or other written materials provided or displayed to the personnel attending each training session, if not already provided to the EEOC.

POSTING AND DISTRIBUTION OF NOTICE

16.     No later than ten (10) business days after entry of this Decree, Defendant shall post copies of the Notice attached as **Exhibit B** to this Decree in a conspicuous location that is regularly used by Defendant for posting legal notices concerning employee rights (*e.g.*, bulletin boards, intranet) within Defendant's home office and the Centralia, Illinois location. The Notice shall remain posted in this manner for the term of this Decree. Defendant shall take all reasonable steps to ensure that the Notice is not altered, defaced, or covered by any other material. Defendants shall permit a representative of the EEOC to enter Defendant's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

17.     No later than fifteen (15) business days after entry of this Decree, Defendant shall certify to the EEOC in writing that the Notice has been properly posted and distributed in accordance with Paragraph 16.

RECORD KEEPING

18.     During the term of this Decree, Defendant shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report of sexual harassment or retaliation concerning any employee of Defendant at Defendant's Centralia, Illinois store. For each such complaint or report, such records shall include: (a) the name of the person who made the complaint or report and that person's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d)

the name and position of all employees who (to Defendant's knowledge) were made aware of the complaint or report; (e) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Defendant took, and the name and position of all employees who were involved in any such actions taken; (f) if the complaint or report was made in written form, a copy thereof; and (g) a copy of all documents, including notes, correspondence, photographs, or written statements, collected in the course of the investigation.

REPORTING

19.     Defendant shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

(a) Copies of all records described in Paragraph 18, above, for the six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report), or a certification by Defendant that no complaints or reports of discrimination or retaliation were received during that period; and

(b) A certification by Defendant that the Notices required to be posted pursuant to Paragraph 16 of the Decree remained posted in the manner required

during the entire six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report).

DISPUTE RESOLUTION

20.    If the EEOC, during the term of this Decree, believes that Defendant has failed to comply with any provision(s) of the Decree, the EEOC shall notify Defendant of the alleged noncompliance and shall afford Defendant seven (7) calendar days to remedy the noncompliance or satisfy the EEOC that Defendant had complied. If within seven (7) calendar days Defendant has not remedied the alleged noncompliance or satisfied the EEOC that it has complied, the EEOC may apply to the Court for relief, including modification of this Decree or any other relief that the Court determines to be appropriate.

21.    In resolving any dispute with regard to Defendant's compliance with any provision of this Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but not limited to, extension of any or all terms of the Decree and/or imposing a monetary fine for noncompliance.

TERM AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION

22.    All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a term of two years immediately following the entry of the Decree, unless extended by order of this Court, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 20, above, remain unresolved, the term of the Decree shall be automatically extended

(and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

MISCELLANEOUS PROVISIONS

23.     Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

24.     Defendant agrees that the receipt of monetary relief shall not be conditioned on any matter not expressly set forth in this Decree. In particular, monetary relief is not conditioned on the agreement of the Charging Party to: (a) maintain as confidential the facts and/or allegations underlying the Complaint or her complaints against Defendant, or the terms of this Decree; (b) waive any statutory rights to file any future charge with any governmental agency; (c) refrain from reapplying for a job with Defendant or any successor of Defendant; or (d) agree to a confidentiality agreement.

25.     The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors, and assigns of Defendant. Prior to any sale or other transfer of any Defendant's business or sale or other transfer of all or a substantial portion of any Defendant's assets during the term of this Decree, Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

26.     When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant to the best of such officer or management

employee's knowledge, information, and belief.

27.     Defendant shall require personnel within their employ, upon request by the EEOC, to cooperate reasonably with, and to be interviewed by, the EEOC for purposes of verifying compliance with this Decree.

28.     When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be sent by U.S. Mail to Long John Silver's Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 230 S. Dearborn St., Ste. 2920, Chicago, IL 60604. By advance agreement of the parties, prior to each submission, materials may alternatively be submitted by electronic mail.

**IT IS SO ORDERED, ADJUDGED and DECREED.**

**DATED:  March 16, 2022**

s/ Stephen P. McGlynn
**STEPHEN P. McGLYNN**
**U.S. District Judge**

Agreed to in form and content:

| | |
|---|---|
| For Plaintiff Equal Employment Opportunity Commission | For Defendant LJS OpCo Two d/b/a Long John Silver's |

Christopher Lage
Deputy General Counsel
Gwendolyn Young Reams
Associate General Counsel
131 M. Street NE, 5th Floor
Washington, D.C. 20507

*s/ Jessica D. Causgrove*
Jessica D. Causgrove
Partner
Fisher & Phillips LLP
10 South Wacker Drive, Suite 3450
Chicago, IL  60606

*s/ Gregory M. Gochanour (with permission)*
Gregory M. Gochanour
Regional Attorney
230 S. Dearborn Street, Suite 2920
Chicago, Illinois 60604

Justin Mulaire
Supervisory Trial Attorney

Elizabeth Banaszak
Miles Shultz
Trial Attorneys

**EXHIBIT A**

## __RELEASE AGREEMENT__

In consideration of $170,000 to be paid to me by Defendant in connection with the resolution of *EEOC v. LJS OpCo Two, LLC d/b/a Long John Silver's*, No. 21-cv-717-SPM (S.D. Ill.), I waive my right to recover for any claims of sexual harassment and retaliation arising under Title VII of the Civil Rights Act of 1964 that I had against Defendant (including its directors, officers, employees, assigns, insurance companies and reinsurance companies, professional employer organizations and third-party administrators) on or before the date of this release and that were included in the claims in the EEOC's complaint in *EEOC v. LJS OpCo Two, LLC d/b/a Long John Silver's*.


Signed: _____        Date: _____
            [Charging Party]

# EXHIBIT B

## NOTICE TO DEFENDANT'S EMPLOYEES

This Notice is posted pursuant to a Consent Decree entered by the federal court in the Southern District of Illinois in *EEOC v. LJS OpCo Two, LLC d/b/a Long John Silver's*, No. 21- cv-717-SPM, resolving the lawsuit filed by the U.S. Equal Employment Opportunity Commission (EEOC) against Defendant LJS OpCo Two, LLC d/b/a Long John Silver's.

In this lawsuit, the EEOC alleged that Defendant violated Title VII of the Civil Rights Act of 1964 (Title VII) by subjecting employees in its Centralia, Illinois store to sexual harassment and retaliating against an employee for opposing sexual harassment.

To resolve this case, the EEOC and Defendant have entered into a Consent Decree requiring, among other things, that:

1. Defendant will pay monetary damages to the employee who was affected by the violations;

2. Defendant is enjoined from subjecting employees to sexual harassment;

3. Defendant is enjoined from retaliating against anyone for making a report or complaint about unlawful employment discrimination or harassment, for filing a charge of discrimination, or for participating in any way in a proceeding under Title VII; and

4. Defendant will adopt and distribute a policy against discrimination and harassment and provide training to its employees at its Centralia, Mount Vernon, Effingham, Marion, Harrisburg, Fairview Heights, West Frankfort, and Collinsville, Illinois locations on the policy and the requirements of Title VII.

The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment, pregnancy), religion, national origin, age, disability, genetic information, and retaliation. Further information about the EEOC and these laws is available on the EEOC's web site at www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact the EEOC by phone at (312) 869-8000 or by TTY at (312) 869-8001. The EEOC charges no fees.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two years from the date below and must be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Long John Silver's Consent Decree Compliance; EEOC – Legal Unit; 230 S. Dearborn Street, Suite 2920; Chicago, Illinois 60604.

DATED:  <u>March 16, 2022</u>

<u>s/ Stephen P. McGlynn</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**

**EXHIBIT C**

## ACKNOWLEDGEMENT CONCERNING ATTORNEYS' FEES

I, Joel Cohen, hereby acknowledge that the $30,000 payment made to me by Defendant in

connection with the resolution of *EEOC v. LJS OpCo Two, LLC d/b/a Long John Silver's*, No.

21-cv-717-SPM (S.D. Ill.), constitutes complete satisfaction of any attorneys' fees and costs

owed by the Charging Party in connection with this litigation, the underlying administrative

charge, and all services related thereto.

Signed: _Joel Cohen_                    Date: __3/14/22__

Joel Cohen, Esq.
18208 Preston Rd. Suite D-9, #503
Dallas, TX, 75252